*E-Filed 7/11/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIE WEAVER, | No. C 14-0702 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL;** |
| v. | **ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| WARDEN GREG LEWIS, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner against his jailors at Pelican Bay State Prison. After a review of the complaint pursuant to 28 U.S.C. § 1915A(a), the action is DISMISSED with prejudice.

## DISCUSSION

**A.   Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and  (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Disposition**

Plaintiff alleges that he is (1) being called the "n word," and (2) made to watch "racist" films. Claim 1 is DISMISSED with prejudice. Such allegation does not contain sufficient factual matter to state a claim for relief. He has not established liability because he fails to name who (whether inmate or prison staff) made these comments. Second, even if he had named the allegedly offending person, neither disrespectful, insulting, and vulgar language, nor verbal harassment, are actionable under section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). The claim is also dismissed as duplicative. It, like Claim 2, was raised in another complaint, and rejected. *See Weaver v. Lewis*, 14-cv-00342-RS. Accordingly, Claim 2 also is DISMISSED with prejudice as duplicative.

Because the claims are duplicative, and therefore frivolous, plaintiff's application for leave to proceed *in forma pauperis* (Docket No. 5) is DENIED. *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). The Clerk shall terminate Docket No. 5, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: July 11, 2014

_____
RICHARD SEEBORG
United States District Judge